HILDIE *v.* AIKMAN.

1. BOUNDARIES—SETTING ASIDE BOUNDARY—BURDEN OF PROOF.
   In a suit to set aside a survey and to establish a boundary, the burden of proof is upon plaintiffs to establish their contention as to the correctness of the section boundaries as fixed by their surveyor.

2. SAME.
   The finding of the court below that the boundary as fixed by defendants' surveyor is correct, *held*, justified by the record.

Appeal from Ogemaw; Smith (Guy E.), J. Submitted April 14, 1927. (Docket No. 109.) Decided June 6, 1927.

Bill by Lundus A. Hildie and another against Robert A. Aikman and others to set aside a survey and to establish a boundary. From a decree for defendants, plaintiffs appeal. Affirmed.

*William T. Yeo,* for plaintiffs.

*Earl R. Chapin,* for defendants.

SNOW, J. In the central portion of section 2 in town 23 north, range 1 east, in Ogemaw county, is located Horseshoe lake, covering an area of about 40 acres. All of the parties to this suit own land in this section, the most valuable of which is that adjacent to the lake, such being desirable for resort purposes. The defendants, intending to put their lands to this purpose, on the 22d of April, 1924, caused to be recorded in the office of the register of deeds a plat called the Horseshoe Lake Resort Plat. Plaintiffs claim this plat and defendants' survey of the

[1]Boundaries, 9 C. J. §§ 296, 301; [2]Id., 9 C. J. § 343; 4 R. C. L. 117; 1 R. C. L. Supp. 1065; 4 R. C. L. Supp. 252; 6 R. C. L. Supp. 240.

section erroneous, and say they do not establish the true boundary lines. They file their bill to set aside and decree void this survey, and to have established the correct boundary lines of the section. Dissatisfied with the conclusions of the trial court in locating the same, plaintiffs have appealed from its decree.

Preliminary to subdivision must be determined the actual boundaries of the section, which boundaries are controlled by the original monuments established by the government survey if ascertainable. Surveyors, employed by the respective parties, have attempted this and failed to agree, principally because of a dispute among them as to the location of the east quarter post. If this were settled, it seems the boundaries of the lands in question could be determined without dispute. The issue is therefore principally one of fact as to the location of this quarter post. The plaintiff offered Mr. Belknap of Tawas City, a surveyor since 1877, who claims to have found the east quarter post in 1886. He testified it was a stake about 24 or 30 inches high and four inches square, with notches on the side as they used to notch quarter posts. He did no other surveying on this section until 1917, when he made a survey of some land in the south part. Later in the same year he made a survey of other lands in the section. He was employed again in 1923 by some of the defendants to make a survey of their lands. In measuring from the north quarter post of section 2 towards the lake, he made an error of 20 rods, and although he did not tell his employers, he admitted the error in his testimony in the case at bar. While the error may not be of any great importance here, it was, and is now, proper for consideration in weighing his testimony. He further testified that in 1923 the east quarter post had become obliterated and he was unable to locate it, but that by measurements, using the govern-

ment's field notes, and from his recollection of
former surveys, he was able to fix its approximate
location, and established it as being 37 chains and 10
links south of the northeast corner of the section,
and 38 chains and 66 links north of the southeast
corner.

In conflict with this testimony is that of defend-
ants' surveyor, Mr. Hollister, county surveyor of
Arenac county, and one of many years' experience.
He surveyed the section in 1923 and testified positively
that he found the original government east quarter
post.   Four others were with him at the time of dis-
covery, at least two of whom corroborated his testi-
mony.   He also claims to have located original wit-
nesses, and set his instrument on a yellow pine stump
so designated in the field notes, took the bearing, and
found the original stake, a white oak one, three inches
in diameter, and 9 or 10 inches in length.   To verify
his finding he set the compass there, and in accord
with his notes, located the remains and roots of a
rotten white oak stump.   This to him was convinc-
ing proof he had found the quarter section post.   He
testified the stake had probably been there 50 or 60
years, possibly 80, and was pretty much all to pieces.
This point varied considerably from the point used by
Mr. Belknap in making his survey, and accounts for
the discrepancies in the surveys and the dispute be-
tween the parties as to the relative positions of their
lands and the lake.   Mr. Hollister's claim seems to
have support in the testimony of two other surveyors,
Mr. Cummings and Mr. Lucas.   Mr. Cummings testi-
fied the witnesses compared exactly with the field notes
in distance and bearings from the location of the stake
as found by Mr. Hollister.   Mr. Lucas also located
this post as being exactly the spot found by Mr.
Hollister and marked by him with a Ford axle used
as a stake.   He also set his instrument there and

found the witnesses named in the original government survey.

It is argued by plaintiffs that the post found by Mr. Hollister was in fact a post used under an old shanty built there many years ago. But we think the facts disclosed by the record as to the location of the shanty clearly disprove this theory. We are satisfied from a careful reading of the record that the original government quarter post was found by witness Hollister and that his survey of the lands in the section is correct. This is in accord with the belief and findings of the trial judge. The burden of proof is upon the plaintiffs to establish their contention as to the correctness of the section boundaries, as fixed by their surveyor. They have clearly failed to sustain it. We understood it to be conceded that the decree of the lower court correctly establishes the land boundaries of the parties in section two if the survey of Mr. Hollister of the section boundaries is correct. From a careful reading of the record we find it is.

The decree is therefore in all respects affirmed, with costs to defendants.

Bird, Steere, Fellows, Wiest, Clark, and McDonald, JJ., concurred. Sharpe, C. J., did not sit.